**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| INTERVET, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:08CV3042 |
| | ) | |
| MERIAL LIMITED and MERIAL SAS, | ) | ORDER |
| | ) | |
| Defendants, | ) | |
| | ) | (Related Case No. 1:06-CV-00658, U.S. District |
| DR. BRUCE BRODERSEN, and | ) | Court for the District of Columbia) |
| UNIVERSITY OF NEBRASKA BOARD | ) | |
| OF REGENTS, | ) | |
| | ) | |
| Interested Parties. | ) | |

On April 21, 2008, this court entered an order granting, in part, the defendants' (together, "Merial") motion to compel compliance with subpoenas served on interested parties Dr. Bruce Brodersen and the University of Nebraska Board of Regents. The order, which was not appealed by Merial, concluded that Dr. Brodersen was tangentially involved in the development of plaintiff's Porcine Circovirus (PCV) Type II vaccine. Accordingly, Merial was

> allowed to depose Dr. Brodersen as a fact witness, in strict compliance with all requirements of Fed. R. Civ. P. 45. The topics of inquiry shall be limited to the studies or work Dr. Brodersen performed at the request of Intervet in furtherance of the development of Intervet's PCV vaccine.
>
> The University shall produce responsive documents, but only to the extent that the materials pertain to the porcine circovirus work performed by or at the direction of Dr. Brodersen and supplied to Intervet.

Doc. 42 at p. 9/10.

The University and Dr. Brodersen produced responsive documents prior to Dr. Brodersen's deposition, which was taken on May 14, 2008. Approximately three more documents were produced shortly after the deposition, in light of Dr. Brodersen's testimony.

In its pending motion (Doc. 44), Merial now contends that the interested parties did not produce all the documents described in the court's April 21, 2008 order. Specifically, Merial complains that Dr. Brodersen only produced the documents he sent to Intervet and not any documents that he received from Intervet.

The court does not believe that the April 21, 2008 order needs further clarification; however, Merial is hereby advised that the court's intention was to permit only very limited discovery of a non-party (Dr. Brodersen) as a fact witness. The position taken by counsel for the interested parties is correct. The order only required the interested parties to produce responsive documents that met three criteria: (1) pertain to porcine circovirus work (2) that was performed by or at the direction of Dr. Brodersen, and (3) were supplied to Intervet.

The court further finds that Merial's Motion (Doc. 64) to strike Intervet's response should be denied. Intervet, as a party to the underlying lawsuit with an interest in the discovery at issue, was entitled to be heard on this matter. *See generally* Fed. R. Civ. P. 45. Had Merial wished to do so, it was quite free to file a reply brief within five (5) business days after being served with Intervet's brief and evidence index[1]. It did not.

---

[1]See NECivR 7.1(c):
**Replying to Opposing Briefs and Evidence.** The moving party may file a reply brief and index of evidence no later than five (5) business days after the non-moving party files and serves the opposing brief. The reply brief may not merely repeat the moving party's initial arguments, but must address factual or legal issues raised in the opposing brief. No further briefs or evidence may be filed without the court's leave. If the moving party has not filed an initial brief, it may not file a reply brief without the court's leave.

**IT IS ORDERED:**

1. The Motion to Compel [45] filed by Merial Limited and Merial SAS is denied.

2. The Motion to Strike [64] filed by Merial Limited and Merial SAS is denied.

3. Pursuant to NECivR 72.2, a party may appeal this order by filing an "Appeal of Magistrate Judge's Order" within ten (10) days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law.

**DATED October 10, 2008.**

        **BY THE COURT:**

        s/ F.A. Gossett
        **United States Magistrate Judge**